IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| JARED D. LITTRELL, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:21-CV-244-Z-BR |
| | § | |
| DIRECTOR, TDCJ-CID, | § | |
| | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION TO DISMISS
PETITION FOR A WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY**

Jared D. Littrell ("Petitioner") filed a Petition for Writ of Habeas Corpus by a Person in State Custody challenging the constitutional legality or validity of his state court convictions and sentences. For the following reasons, Petitioner's habeas application should be DISMISSED with prejudice as time barred.

## I.   PROCEDURAL HISTORY

Petitioner was charged with and pleaded not guilty to felony murder, aggravated robbery, and unlawful possession of a firearm by a felon, as enhanced by prior convictions, out of Potter County, Texas in cause number 50,983-B, styled *The State of Texas v. Jared D. Littrell*. (ECF 1 at 2; ECF 13-2 at 17). On July 15, 2005, Petitioner was tried by a jury and sentenced to thirty years' imprisonment for murder and twenty-five years for the remaining charges. (ECF 13-2 at 30–33). The Seventh District Court of Appeals for Texas affirmed Petitioner's conviction. *Littrell v. State*, No. 07-05-00282-CR, slip op. (Tex. App.—Amarillo July 25, 2007 pet. denied). Petitioner filed a petition for discretionary review ("PDR"). *Littrell v. State*, PD-1555-07 (Tex. Crim. App. 2008); (*see also* ECF 13-3). On October 15, 2008, the Texas Court of Criminal Appeals ("TCCA") reversed in part (as related to the aggravated robbery) and affirmed in part (as to felony murder)

the judgment of the court of appeals. (ECF 13-5 at 2). The State's motion for rehearing was denied on November 26, 2008. (ECF 13-14 at 58).

Petitioner filed his application for state writ of habeas corpus on April 27, 2021. *Ex parte Littrell*, No. WR-92,836-01 (Tex. Crim. App. June 25, 2021); (*see also* ECF 12 at 3). The TCCA denied the application without written order on July 14, 2021. (Id.) Petitioner's instant federal habeas action was placed in the prison mailing system on October 25, 2021. (ECF 1 at 10).

## II.     PETITIONER'S GROUNDS

Petitioner contends he is being held in violation of the Constitution and laws of the United States for the following reason(s): Petitioner claims actual innocence based on "perjured and uncorroborated testimony by accomplice/state's witness" and raises claims of (1) ineffective assistance of counsel for failure to investigate and (2) prosecutorial misconduct for failure to disclose evidence. (ECF 1 at 6; ECF 2 at 2–7).

## III.     RESPONSIVE PLEADINGS

On March 8, 2022, Respondent filed an answer asserting Petitioner's federal habeas petition should be dismissed because Petitioner's claims are time barred. (ECF 12). Petitioner did not file a reply to Respondent's Preliminary Answer.

## IV.     STATUTE OF LIMITATIONS

Title 28 U.S.C § 2244(d) imposes a one-year statute of limitations on federal petitions for writs of habeas corpus filed by state prisoners:

(1)   A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitations period shall run from the latest of –

(A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United

>   States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitations under this subsection.

28 U.S.C. § 2244(d)(1)–(2). The limitations period shall run from the date on which the judgment became final unless one of the circumstances set forth in 28 U.S.C § 2244(d)(1)(B), (C), or (D) clearly applies and triggers a later begin date.

The one-year period of limitations ran from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). The judgment and sentence for Petitioner's conviction was entered on July 15, 2005. (ECF 13-2 at 30–33). Petitioner timely appealed the conviction, which the Seventh Court of Appeals affirmed. *Littrell v. State*, No. 07-05-00282-CR, slip op. (Tex. App.—Amarillo July 25, 2007 pet. denied). Petitioner filed a PDR, and on October 15, 2008, the TCCA reversed in part and affirmed in part the court of appeals' judgment. *Littrell v. State*, PD-1555-07 (Tex. Crim. App. 2008); (ECF 13-5 at 2). The State's motion for rehearing was denied on November 26, 2008. (ECF 13-14 at 58). Thus, the conviction was final on February 24, 2009. *See* Sup. Ct. R. 13.1. Therefore, absent any tolling, the limitations period for Petitioner's conviction expired on February 24, 2010.

Petitioner's October 25, 2021 filing of the instant action occurred more than eleven years after the limitations period expired for his conviction. While Petitioner submitted a state habeas

3

action on April 27, 2021, which was denied without written order on July 14, 2021, such action does not toll the limitations period under 28 U.S.C. § 2244(d)(2) where such time frame has already expired. *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000); (ECF 9-4).

Therefore, the limitations period expired on February 24, 2010. The instant action was filed more than eleven years after expiration of the limitations period.

## V.     EQUITABLE TOLLING

The one-year statute of limitations on petitions for federal habeas relief by state prisoners is subject to equitable tolling. *See Holland v. Florida*, 560 U.S. 631, 645 (2010). A petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his habeas rights diligently, and (2) that some "extraordinary circumstance" stood in his way and prevented him from effecting a timely filing. *Id*. at 649. The United States Supreme Court has reaffirmed "that the second prong of the equitable tolling test is met only where the circumstances that caused a litigant's delay are both extraordinary and beyond its control." *Menominee Indian Tribe of Wis. v. United States*, 136 S. Ct. 750, 755 (2016). Equitable tolling can apply to the one-year limitation period of section 2244(d) only in "rare and exceptional" circumstances. *Davis v. Johnson*, 158 F.3d 806, 810-11 (5th Cir. 1998). The diligence required for equitable tolling purposes is "reasonable diligence," not "maximum feasible diligence." *Holland*, 560 U.S. at 653. Equitable tolling principally applies where the petitioner is "actively misled" by the respondent about the cause of action or was prevented in some extraordinary way from asserting his rights. *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999). A "garden variety claim of excusable neglect" by the petitioner does not support equitable tolling. *Lookingbill v. Cockrell*, 293 F.3d 256, 264 (5th Cir. 2002).

Here, Petitioner has not asserted, much less sufficiently demonstrated, that he is entitled to equitable tolling of the limitations period. *See Flanagan v. Johnson*, 154 F.3d 196, 198–99 (5th

4

Cir. 1998); *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999), *cert. denied*, 529 U.S. 1057 (2000) ("A garden variety claim of excusable neglect does not support equitable tolling."). While Petitioner argues that he received ineffective assistance of counsel, including the failure to investigate Petitioner's claims and object to certain evidence at trial, Petitioner does not assert any facts to explain why he is raising such claims more than eleven years after the statute of limitations has run. (*See* ECF 15-8 at1, ECF 15-9 at 1). The record does not reflect Petitioner pursued his claims with reasonable diligence, or that extraordinary circumstances beyond his control, qualifying as "rare and exceptional" events, actions or conditions, prevented him from timely seeking post-conviction relief from his conviction. Therefore, the instant action is time barred.

## VI.   ACTUAL INNOCENCE

The statute of limitations bar may, in fact, be overcome by a showing of "actual innocence." *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013) ("actual innocence, if proved, serves as a gateway through which a petitioner may pass" when he is procedurally barred by the expiration of the statute of limitations). In other words, a credible showing of "actual innocence" may allow a prisoner to pursue his constitutional claims on the merits notwithstanding the existence of a procedural bar to relief. *Id.* at 392. "This rule, or fundamental miscarriage of justice exception, is grounded in the 'equitable discretion' of habeas courts to see that federal constitutional errors do not result in the incarceration of innocent persons." *Id*. (*quoting Herrera v. Collins*, 506 U.S.390, 404 (1993)).

A habeas petitioner, who seeks to surmount a procedural default through a showing of "actual innocence" must support his allegations with "new, reliable evidence" that was not presented in the underlying proceedings and must show that it was more likely than not that, in light of the new evidence, no fact finder, acting reasonably, would have found the petitioner guilty beyond a reasonable doubt. *See Schlup v. Delo*, 513 U.S. 298, 326–27 (1995); *see also House v.*

5

*Bell*, 547 U.S. 518 (2006) (discussing at length the evidence presented by the petitioner in support of an actual-innocence exception to the doctrine of procedural default); *Moore v. Quarterman*, 534 F.3d 454, 465 (5th Cir. 2008) (explaining that evidence was not "new" where "it was always within the reach of [petitioner's] personal knowledge or reasonable investigation"). "Actual innocence" in this context refers to factual innocence and not mere legal sufficiency. *Bousely v. United States*, 523 U.S. 614, 623–624 (1998).

Here, Petitioner asserts that he is actually innocent of the charged offense based on the alleged *Brady* violations. Under clearly established Supreme Court precedent, there are three elements to a *Brady* claim: (1) the evidence must be favorable to the accused, either because it is exculpatory or because it is impeaching; (2) the evidence must have been suppressed by the State, either willfully or inadvertently; and (3) the evidence must be "material," i.e., prejudice must have ensued from its non-disclosure. *Banks v. Dretke*, 540 U.S. 668, 691, 124 S. Ct. 1256, 157 L. Ed. 2d 1166 (2004) (quoting *Brady v. Maryland*, 373 U.S. 83, 87 (1963)). Evidence is "material" under *Brady* where there exists a "reasonable probability" that had the evidence been disclosed the result at trial would have been different. *Smith v. Cain*, 565 U.S. 73, 75, 132 S. Ct. 627, 181 L. Ed. 2d 571 (2012); *Cone v. Bell*, 556 U.S. 449, 469-70, 129 S. Ct. 1769, 173 L. Ed. 2d 701 (2009); *Banks*, 540 U.S. at 698-99. A reasonable probability does not mean that the defendant would more likely than not have received a different verdict with the evidence, only that the likelihood of a different result is great enough to undermine confidence in the outcome of the trial. *Smith*, 565 U.S. at 75.

Petitioner asserts that the "prosecution withheld evidence within [the] police report information concerning inconsistent statements by accomplice witness, and perjured statements by accomplice Kissy Stinger." (ECF 1 at 6). Petitioner contends that such statements included "another possible accomplice." (*Id.*). Petitioner, however, fails to demonstrate actual innocence by

presenting any "new, reliable evidence" that was not previously presented and was unavailable to him in the underlying proceedings, nor does he show it is more likely than not that, "in light of the new evidence," no fact finder, acting reasonably, would have convicted Petitioner in light of the new evidence.

The undersigned finds Petitioner, crucially, offers nothing to support his allegations on the merits of this issue, other than his own bald assertions, unsupported and unsupportable by anything else contained in the record. Petitioner has not demonstrated the existence of this evidence, that the State knew of this purported evidence, that the State was in imputed possession of such evidence but suppressed it, or that the purported evidence was material and favorable to the defense, in order to show a constitutional violation appropriate for federal habeas corpus relief. Consequently, as this claim cannot justify federal habeas corpus relief, any analysis of whether Petitioner's discovery of this purported evidence to potentially support such a claim delayed the begin date of the limitation period is unnecessary. Even so, the undersigned further finds petitioner does not make any substantiated allegation as to when he "discovered" the State allegedly possessed but failed to disclose this purported evidence to him. Petitioner has not demonstrated section 2244(d)(1)(D) applies to his claims, thereby providing a later begin date of the limitation period with regard to those claims.

Further, even assuming that Petitioner could make a sufficient showing on his *Brady* claims and could satisfy AEDPA's diligence requirement, 28 U.S.C. § 2244(b)(2)(B)(i), he does not have a reasonable likelihood of showing, by clear and convincing evidence, that *but for* the alleged *Brady* violation, not a single reasonable juror would have found him guilty. 28 U.S.C. § 2244(b)(2)(B)(ii), (3)(C). Petitioner's argument that such impeachment evidence would have altered the course of the trial is speculative and therefore insufficient to justify collateral review in the face of a procedural bar. Consequently, he is unable to proceed with this claim.

Lastly, to the extent, if any, Petitioner is attempting to assert an independent claim that he is actually innocent of the charged offense as demonstrated by this "newly discovered evidence," such a claim fails to state a cognizable, constitutional claim for federal habeas corpus relief.

Petitioner's conclusory *Brady* claim fails to satisfy any of the requirements for a legitimate *Brady* claim. Consequently, Petitioner has not overcome the time bar for filing a federal habeas corpus petition.

## VII.     FINDINGS AND CONCLUSIONS

The undersigned makes the following findings and conclusions:

1. Petitioner's challenged conviction was entered on July 15, 2005. (ECF 13-2 at 30–33). He timely appealed, and the conviction became final on February 24, 2009. (ECF 13-14 at 58).

2. The one-year period of limitations in this case began on the date on which Petitioner's judgments became final by the expiration of the time for seeking direct review under 28 U.S.C. § 2244(d)(1)(A).

3. Petitioner's federal habeas corpus petition was thus due on or before **February 24, 2010**, unless statutorily or equitably tolled.

4. Petitioner's April 27, 2021 filing of a state habeas action occurred more than eleven years after the expiration of the limitations period and had no tolling effect.

5. Petitioner has not demonstrated that he is entitled to any periods of equitable tolling.

6. The record does not reflect any unconstitutional "State action" impeded or prevented Petitioner from filing for federal habeas corpus relief.

7. Petitioner's claims do not concern a constitutional right recognized by the United States Supreme Court within the last year and made retroactive to cases on collateral review.

8. Petitioner's claims are not of such a nature that they could not have been discovered, through the exercise of due diligence, until a date subsequent to Petitioner's convictions becoming final.

9. Petitioner's federal habeas corpus application, **filed October 25, 2021**, when it was placed in the state prison mailing system, was filed more than

eleven years after the expiration of the statute of limitations and **is time barred**.

10. Petitioner has failed to demonstrate actual innocence by presenting new reliable evidence showing it is more likely than not that no reasonable juror would have convicted Petitioner in light of the new evidence.

## VIII.   RECOMMENDATION

For the above reasons and the reasons set forth in Respondent's Preliminary Answer filed March 8, 2022 (ECF 12), it is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the petition for a writ of habeas corpus filed by Petitioner JARED D. LITTRELL be DISMISSED with prejudice as time barred.

## IX.   INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of these Findings, Conclusions and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED July 21, 2023.

_____
LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE

### * NOTICE OF RIGHT TO OBJECT *

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Findings, Conclusions and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal

conclusions, and recommendation set forth by the Magistrate Judge and accepted by the district court. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276–77 (5th Cir. 1988).